

# UNITED STATES DISTRICT COURT
# FOR DISTRICT OF NEVADA

| | |
|---|---|
| **GREGORY S LEVY JR**<br>**Plaintiff,**<br><br>v.<br>**CLIENT SERVICES INC**<br>**Defendant,** | ) JURY TRIAL DEMANDED<br>)<br>)<br>) Case No.<br>)      2:23-cv-01099-APG-NJK<br>)<br>)<br>)<br>) |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Gregory S Levy JR, an individual consumer, against Defendant, Client Services Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d) Venue in this District is proper and that the Defendant transacts business in Las Vegas, Clark County,

Nevada, and the conduct complained of occurred in Las Vegas, Clark County, Nevada.

### III.   PARTIES

3. Plaintiff Gregory S Levy JR, (hereinafter "Mr. Levy) is a natural person residing in Las Vegas, Clark County, Nevada.

4. Plaintiff Mr. Levy is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a (3).

5. Plaintiff Mr. Levy is allegedly obligated to pay an obligation to pay money arising out of a transaction in which the subject of the transaction is primarily for personal, family, or household purposes.

6. Plaintiff Mr. Levy is allegedly obligated to pay a "debt "as defined by 15 U.S.C. § 1692a (5)

7. The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as defined by the FDCPA, 15 U.S.C § 1692a(5)

8. Upon information and belief, the defendant, Client Services Inc., is a Missouri corporation with its principal place of business located at 3451 Harry S Truman Blvd, Saint Charles, MO 63301.

9.    Defendant Client Services Inc., is engaged in the collection of debt from consumers using mail and telephone. Defendant regularly attempts to collect 'consumers' debts alleged to be due to another.

## PRELIMINARY STATEMENT

Plaintiff is currently employed at Neiman Marcus. Monday thru Saturday My work hours are 9:00am to 7:00pm because we are short staff because of Covid-19, I have to come one hour early and leave one hour late. Please see the google listing as EX. 1.

**Contacts at Inconvenient Times:**

Regulation F (effective November 30, 2021) generally tracks this provision but clarifies that it applies to attempts to communicate at unusual or inconvenient times or places, and not just communications at those times or places. For example, the prohibition on calling at unusual or inconvenient times or places includes persistent calls at inconvenient times where the consumer does not answer the phone, so that there is no communication, only an attempt at communication. See Petri v. Valarity, L.L.C., 2015 WL 13650911 (E.D. Mo. Mar. 13, 2015) (allegation that collection agency continued to call in evening, after expressly being asked not to do so, sufficiently stated claim under § 1692c(a)(1)); S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 2, ("Collection abuse takes many forms, including . . . telephone calls at unreasonable hours.")

The Official Interpretations for Reg. F provide that a debt collector knows or should know that a time or place is inconvenient if the consumer uses the word "inconvenient" to notify the debt collector. The Interpretations provide this example:

The consumer answers the call but states "I am busy" or "I cannot talk now." The debt collector asks the consumer when would be a convenient time. The consumer responds, "on weekdays, except from 3:00 p.m. to 5:00 p.m." The debt collector asks the consumer whether there would be a convenient time on weekends. The consumer responds "no." Based on these facts, the debt collector knows or should know that the time-period between 3:00 p.m. and 5:00 p.m. on weekdays, and all times on weekends, are inconvenient to the consumer.

The consumer does not have to use the word "inconvenient." The Regulation F supplemental information states:

> The Bureau declines to restrict how a consumer may designate a time or place as inconvenient. The statute does not prescribe any specific actions or require precise responses or utterances on behalf of the consumer to invoke these communications protections, and nor does this final rule impose such requirements. The Bureau determines that a flexible approach is necessary when it comes to communications, which by their very nature are dynamic, depend upon the specific circumstances, and differ from consumer to consumer. Such fluid communications cannot be scripted, nor can every permutation be anticipated.

Reg. F Official Interpretations provide "depending on the facts and circumstances, the debt collector knows or should know that a time or place is inconvenient even if the consumer does not specifically state to the debt collector that a time or place is 'inconvenient.'"

**The Known or Should Be Known Standard:**
FDCPA § 1692c(a)(1) provides that a collector cannot contact the consumer at a time or place that is "known or should be known" as inconvenient. This clearly means that once a debt collector receives a request to cease communication at specified inconvenient times

or places, whether the request is made orally *or* in writing, the debt collector then knows the time or place is inconvenient and must honor that request.

Gilroy v. Ameriquest Mortg. Co., 632 F. Supp. 2d 132 (D.N.H. June 17, 2009) (consumer told collector that 8:00 p.m. was inconvenient to her because she goes to bed early); Brzezinski v. Vital Recovery Servs., Inc., 2006 WL 1982501 (E.D. Wis. July 12, 2006); Chiverton v. Fed. Fin. Group, Inc., 399 F. Supp. 2d 96, 104 (D. Conn. 2005) (violation of § 1692c(a)(1), (3) where defendant repeatedly telephoned the plaintiff at work after being told by the plaintiff he was not permitted to receive personal calls at work). *See also* Nieves v. Preferred Collection & Mgmt. Servs., Inc., 2021 WL 5826190, at *3 (M.D. Fla. Dec. 8, 2021) (sustaining § 1692c(a)(1) claim where debt collector repeatedly continued to call consumer's cell phone after being asked to stop calling, because "Section 1692c(a) does not impose any writing requirement on the consumer . . . . Thus, Nieves has sufficiently alleged that Preferred Collection knew that any calls to Nieves were inconvenient because Nieves had asked that the calls stop.")

**Contacts at Inconvenient Places, Contacts at Workplace Are Restricted, FDCPA § 1692c(a)(3) and Reg. F § 1006.6(b)(3):**

FDCPA § 1692c(a)(3) prohibits contacting the consumer at work in contravention of the employer's policy against such communication if the collector knows or has reason to know of such policy. Regulation F (effective November 30, 2021) generally tracks this provision but clarifies that it applies to *attempts* to communicate with a consumer at the

consumer's place of employment where the collector knows such communication is not permitted, and not just actual communications at the place of employment.

A debt collector knows or has reason to know that a consumer's employer prohibits the consumer from receiving communications if the consumer tells the debt collector that the consumer cannot take personal calls at work.

But the regulation's supplemental information provides:

> The Bureau concludes that a consumer need not undertake specific actions or utter specific words to be afforded the statutory protections provided under FDCPA section 805(a)(3). The statute does not prescribe any specific actions or require precise responses or utterances on behalf of the consumer to invoke the workplace communications protections, and nor does this final rule impose such requirements. Even if a consumer does not precisely state that the employer prohibits the consumer from receiving debt collection communications at the workplace, the debt collector nevertheless may know or have reason to know, based on the facts and circumstances, that the employer prohibits such communications. Accordingly, the Bureau is finalizing revised comment 6(b)(3)-1 to provide that a debt collector knows or has reason to know that a consumer's employer prohibits the consumer from receiving such communication if, for example, the consumer tells the debt collector that the consumer cannot take personal calls at work. *See also* Horkey v. J.V.D.B. & Assoc., Inc., 333 F.3d 769 (7th Cir. 2003).

FDCPA § 1692c(a)(3) prohibits contacting the consumer at work in contravention of the employer's policy against such communication if the collector knows or has reason to know of such policy. Regulation F (effective November 30, 2021) generally tracks this provision but clarifies that it applies to *attempts* to communicate with a consumer at the consumer's place of employment where the collector knows such communication is not permitted, and not just actual communications at the place of employment.

A consumer's statement to a debt collector that she "could not talk to him at work," while ambiguous, is nevertheless sufficient to put the collector on notice that she was prohibited from engaging in debt collection communications at work. Horkey v. J.V.D.B. & Assoc., 333 F.3d 769 (7th Cir. 2003). Even if an employer does not have a formal policy as to collection calls at work, a call to the consumer at work might also violate FDCPA § 1692c(a)(1) as a contact at an inconvenient time or place. *See also* Currier v. PDL Recovery Group, L.L.C., 2017 WL 712887 (E.D. Mich. Feb. 23, 2017); Dauval v. MRS BPO, L.L.C., 2013 WL 9921550 (M.D. Fla. June 27, 2013) (collection agency's call to consumer's place of employment violated §§ 1692c(a)(1) and 1692c(a)(3)).

Collectors must also honor consumer requests to stop using a particular type of communication, which could include a request not to call the consumer's work phone number.

The FDCPA § 1692c(a)(3) protection broadly applies to all types of communications at work, not just phone calls. If the debt collector knows or has reason to know that the consumer's employer prohibits all collection communications at work, the debt collector should not call, mail, fax, text, e-mail, or otherwise communicate with a consumer at work.

### IV. FACTS OF THE COMPLAINT

10. Defendant Client Services Inc., (hereinafter referred to as "Debt Collector") is a "debt collector" as defined by the FDCPA, 15 U.S.C § 1692a(6).

11. On or about July 20th, 2023, Plaintiff Mr. Levy started receiving phone calls from Defendant Client Services Inc. Defendant Client Services Inc., correspondence to Plaintiff seeking and demanding payment for One alleged defaulted consumer debt credit card in the amount of $36,169.71 allegedly owed to JP Morgan Chase Bank.

12. On or about July 20th, 2023 at 8:57am, Defendant called Plaintiff attempting to collect a debt Plaintiff Mr. Levy informed the representative Naeem Whitaker from Client Services Inc., "I'm currently at work so it's not a good time for me to talk" Defendant quickly responded with "okay well you tell me, and we can pick the conversation up when it's a better time for you. Is that an opportunity you will be able to take advantage of this reduced option of $7,234 by the end of this month". Plaintiff replied "I'm Currently at work right now is not a good time. Defendant quickly responded aggravatingly "Well we can work out a payment that meets your budget to keep consistency activity on the account, when should we anticipate on hearing back from you" Plaintiff replied 'My schedule is pretty busy ill see if I can give you guys a call back today I'm currently at work". Defendant's phone call to Plaintiff was an inconvenience to Plaintiff.

13. On or about July, 28th 2023, at 2:03pm Defendant called the Plaintiff once again. Defendant stated, "We have a Settlement pending for $7,234 are you in a position today to go ahead and resolve this with that settlement" Plaintiff responded, "I'm currently at work every time you guys call me, I'm at work it's not a good time for me to talk." The defendant quickly responded aggravatingly "Well every time we call you say you're going to call us back and never call back'. Plaintiff responded

'I'm at work Sir'' Defendant's Representative replied "Ok were following up is this something that your able to do or do you need to make a down payment towards that.?'' Plaintiff responded I'm at work at the moment sir it's not a good time to talk" Defendant responded "Okay you not able to discuss it well follow back up with you thank you for being a valued Chase customer you have a good day" The Phone call was in violation of 15 U.S.C 1692c(a)(1) and 15 U.S.C 1692c(a)(3) Defendant knew or should've known that Plaintiff was at work doing normal working hours because Plaintiff told Defendant based on the July 20, 2023 conversation.

## V. FIRST CLAIM FOR RELIEF
### (Defendant Client Services Inc.,)
### 15 U.S.C. §1692c(a)(1) and Reg. F § 1006.6(b)(1)

14. Mr. Levy re-alleges and reincorporates all previous paragraphs as if fully set out herein.

15. The Debt Collector violated the FDCPA.

16. The Debt Collector's violations include, but are not limited to, the following: The Debt Collector violated 15 U.S.C § 1692c(a)(1) of the FDCPA by intentionally communicating in connection with the collection of a debt from the plaintiff at a time and place known by the defendant to be inconvenient to the plaintiff.

17. The preceding paragraphs state a prima facie case for Plaintiff and against Defendant for violations of the FDCPA, 1692c(a)(1)

18. As a result of the above violations of the FDCPA, the defendant is liable to Mr. Levy actual damages, statutory damages, and cost.

### VI. SECOND CLAIM FOR RELIEF
### (Defendant Client Services Inc.,)
### 15 U.S.C. §1692c(a)(3) and Reg. F § 1006.6(b)(3)

19. Mr. Levy re-alleges and reincorporates all previous paragraphs as if fully set out herein.

20. The Debt Collector violated the FDCPA.

21. The Debt Collector's violations include, but are not limited to, the following: The Debt Collector violated 15 U.S.C § 1692c(a)(3) of the FDCPA by intentionally communicating in connection with collection of a debt from Plaintiff at Plaintiffs employment after Defendant knew or had reason to know that Plaintiffs employer prohibited Plaintiff from receiving such communications.

### VI. JURY DEMAND AND PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Mr. Levy respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collector for

A. Judgment for the violations that occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C 1692k(1)(2);

C. Statutory damages pursuant to 15 U.S.C 1692k(2);

D. For Deletion and such other and further relief as the Court may deem just and proper.

E. Cost pursuant to 15 U.S.C 1692k(3);

Gregory S. Levy JR, Pro Se

9195 Spumante Ave
Las Vegas, NV 89148
404-242-1243
Greglevy23@gmail.com

# EXHIBIT 1

# [Attached]

## Neiman Marcus                                              ✕

 Contactless Payments



## Also at This Location

### NM Cafe
OpenTable
★ 4.7 (197)

### Mariposa
Yelp
★ 4.5 (18)

## Get the App

 **Neiman Marcus | Luxury Fa...**   GET
Designer Collections & More

## Details                                                  Edit

**Hours**
Open

| Sunday | 12:00 PM – 6:00 PM |
| Mon – Sat | 10:00 AM – 6:00 PM |

**Phone**
+1 (702) 731-3636

**Website**
neimanmarcus.com

**Address**
3200 S Las Vegas Blvd
Las Vegas, NV 89109
United States

More on Yelp