# UNITED STATES DISTRICT COURT

# FOR DISTRICT OF NEVADA

**GREGORY S LEVY JR**
**Plaintiff,**

) **JURY TRIAL DEMANDED**
)
)

**v.**
**CLIENT SERVICES INC**
**Defendant,**

) **Case No.**
) 2:23-cv-01099-APG-NJK
)
)
)
)

---

## PLAINTIFF RESPONSE TO DEFENDANT MOTION TO DISMISS DOC [15]

---

**Plaintiff Complaint states a claim(s) for violations of the FDCPA sufficient to survive a Rule 12(b)(6) motion to dismiss because Defendants know or should've known after being told twice.**

### LEGAL STANDARD

A Plaintiff's claim will be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In ruling on a Rule 12(b)(6) motion to dismiss, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most

favorable to the nonmoving party." Manzarek v. St. Paul Fire & Marine Ins. Co., 519
F.3d 1025, 1031 (9th Cir. 2008). A court is not required, however, to "assume the truth of
legal conclusions merely because they are cast in the form of factual allegations." Fayer
v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation omitted).
"[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a
motion to dismiss." Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004).
Additionally, "[n]o greater particularity is necessary in stating the claim for relief in a
class action than in other contexts." 7B Charles Alan Wright & Arthur R. Miller, Federal
Practice and Procedure § 1798 (3d ed.).

## FDCPA CLAIM

Defendant argues that Plaintiff has failed to state a claim for relief under the
FDCPA. A Plaintiff alleges an FDCPA claim by alleging: (1) The Plaintiff is a consumer;
(2) the debt involved meets the definition of debt in the FDCPA; (3) the Defendant is a
debt collector; and (4) the defendant committed an act prohibited by the FDCPA. Turner
v. Cook, 362 F.3d 1219, 1227–28 (9th Cir. 2004); Heejon Chung v. U.S. Bank, N.A., 250
F. Supp. 3d 658, 680 (D. Haw. 2017).

The first element of an FDCPA claim is that the Plaintiff is a consumer. Heejon
Chung, 250 F. Supp. 3d at 680. A consumer is a person obligated or allegedly obligated
to pay a debt. 15 U.S.C. § 1692a(3). Here, Plaintiff has alleged that he is a consumer

because he was allegedly obligated to pay a debt from Chase Bank. Thus, Plaintiff has alleged the first element of an FDCPA claim.

The second element of an FDCPA claim is that the debt involved meets the definition of debt in the FDCPA. Heejon Chung, 250 F. Supp. 3d at 680. A debt is an obligation or alleged obligation to pay money from a transaction that is primarily for personal, family, or household purposes. Id. § 1692a(5). Here, Plaintiff alleged debt resulted from Credit Card from Chase Bank. Medical which qualifies as a family purpose. Thus, Plainitff has alleged the second element of an FDCPA claim.

The third element of an FDCPA claim is that the defendant is a debt collector. Heejon Chung, 250 F. Supp. 3d at 680. A debt collector is a person who uses an instrumentality of interstate commerce to engage in a business in which the principal purpose is the collection of debts, or regularly attempts to collect debts owed or due to another. Id. § 1692a(6). Plaintiff alleges in his complaint that Defendant regularly engages in the practice of debt collection. Therefore, Plaintiff has alleged the third element of an FDCPA claim.

The fourth and final element of an FDCPA claim is that the defendant committed an act prohibited by the FDCPA. Heejon Chung, 250 F. Supp. 3d at 680. Among the many ways a debt collector can violate the FDCPA when a consumer's statement was "could not talk to him at work" while ambiguous, is nevertheless sufficient to put the collector on notice that she was prohibited from engaging in debt collection

communications at work. Horkey v. J.V.D.B. & Assoc., 333 F.3d 769 (7th Cir. 2003). Even if an employer does not have a formal policy as to collection calls at work, a call to the consumer at work might also violate FDCPA § 1692c(a)(1) as a contact at an inconvenient time or place. *See also* Currier v. PDL Recovery Group, L.L.C., 2017 WL 712887 (E.D. Mich. Feb. 23, 2017); Dauval v. MRS BPO, L.L.C., 2013 WL 9921550 (M.D. Fla. June 27, 2013) (collection agency's call to consumer's place of employment violated §§ 1692c(a)(1) and 1692c(a)(3)). Thus, Plaintiff complaint sufficiently states a FDCPA claim.

The FDCPA does not define the word "inconvenient"

*https://www.merriam-webster.com/dictionary/inconvenient#:~:text=adjective-,in·%E2%80%8Bcon·%E2%80%8Bve·%E2%80%8Bnient%20,in%2D,an%20inconvenient%20delay*

: not convenient especially in giving trouble or annoyance : **INOPPORTUNE** an *inconvenient* time. last visited September 7, 2023

In 1977, Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."

This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

The Defendant's violation of the FDCPA is material because Defendant's failure to contact Plaintiff during a convenient time period would make an unsophisticated consumer believe that they did not have the rights Congress had granted to them under the FDCPA. This violation of the FDCPA is sufficient to show an injury-in-fact. Defendant's collection actions alarmed, confused, and distressed Plaintiff. Defendant's collection actions constituted an illegal invasion of Plaintiff's privacy and constituted an intrusion on Plaintiff's seclusion. The Defendant's violation of the FDCPA is a material violation of the statute.

**The Known or Should Be Known Standard for 1692c(a)(1):**

FDCPA § 1692c(a)(1) provides that a collector cannot contact the consumer at a time or place that is "known or should be known" as inconvenient. This clearly means that once a debt collector receives a request to cease communication at specified

inconvenient times or places, whether the request is made orally *or* in writing, the debt collector then knows the time or place is inconvenient and must honor that request.

Chiverton v. Fed. Fin. Group, Inc., 399 F. Supp. 2d 96, 104 (D. Conn. 2005) (violation of § 1692c(a)(1), (3) where defendant repeatedly telephoned the plaintiff at work after being told by the plaintiff he was not permitted to receive personal calls at work).

**The Known or Should Be Known Standard for 1692c(a)(3):**

A debt collector knows or has reason to know that a consumer's employer prohibits the consumer from receiving communications if the consumer tells the debt collector that the consumer cannot take personal calls at work.

A debt collector knows or has reason to know that a consumer's employer prohibits the consumer from receiving such communication if, for example, the consumer tells the debt collector that the consumer cannot take personal calls at work. *See also* Horkey v. J.V.D.B. & Assoc., Inc., 333 F.3d 769 (7th Cir. 2003).

**The Known or Should Be Known Standard in general:**

As alleged in the Amended Complaint Plaintiff told the Defendant **twice** "I'm currently at work so it's not a good time for me to talk" this action is untimely a material fact question left for a jury Plaintiff has put Defendant on notice of the illegal conduct violating 1692c(a)(1), (3) of the FDCPA.

Consumers is not required to use legally precise or sophisticated language to assert FDCPA protections *See also* Horkey v. J.V.D.B. & Assoc., Inc., 333 F.3d 769 (7th Cir. 2003).

*Lupia v. Medicredit, Inc.* , 8 F.4th 1184, 1192 (10th Cir. 2021) ("Though a single phone call may not intrude to the degree required at common law, that phone call poses the same *kind* of harm recognized at common law—an unwanted intrusion into a plaintiff's peace and quiet.") (emphasis in *Lupia* ). In *Lupia* , the plaintiff did not answer the single telephone call and the debt collector left a voicemail about the debt. *Lupia* , 8 F.4th at 1188. The injury suffered from receipt of a single text message is tantamount to the injury suffered from receipt of a single voicemail.

## CONCLUSION

The events that happen here gives rise to actionable claim(s) under the FDCPA and request that the Court DENIES the Motion to Dismiss.

Dated: September 8, 2023                   Respectfully submitted:

Gregory S Levy JR, Pro Se
9195 Spumante Ave
Las Vegas, NV 89148
404-242-1243

Greglevy23@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the _____th day of September, 2023, a true and correct copy of the above and foregoing was deposited in the U.S. Mail, first class, postage pre-paid, addressed to:

Kurt Bonds

1160 North Town Center Drive Suite 330

Las Vegas, NV 89144