1  **HALL & EVANS, LLC**
2  KURT R. BONDS, ESQ.
   Nevada Bar No. 6228
3  1160 North Town Center Drive
   Suite 330
4  Las Vegas, Nevada 89144
   (702) 998-1022
5  nvefile@hallevans.com
   *Attorneys for Defendant*
6
                    **UNITED STATES DISTRICT COURT**
7                    **FOR THE DISTRICT OF NEVADA**

8  **GREGORY S LEVY JR,**           §       **CASE NO. 2:23-cv-01099**
                                    §
9                                   §
      *Plaintiff,*                  §       **JOINT DISCOVERY PLAN AND**
10                                  §       **SCHEDULING ORDER**
                                    §
11 **v.**                           §
                                    §       **SUBMITTED IN COMPLIANCE**
12                                  §       **WITH LR 26-1(b)**
   **CLIENT SERVICES, INC.,**       §
13                                  §
      *Defendant.*                  §
14                                  §
                                    §
15
        Plaintiff Gregory Levy Jr. and Defendant Client Services, Inc. ("the Parties"), by and
16
   through their counsel of record, held a telephonic conference on October 9, 2023. The Parties
17
   now file this Joint Discovery Plan and Scheduling Order pursuant to Fed. R. Civ. P. 26(f) and
18
   Local Rule 26-1.
19
                                 **PROPOSED SCHEDULE**
20
21 **I.    FED. R. CIV. P. 26(a) INITIAL DISCLOSURE**

22      The parties agrees to exchange initial disclosures no later than October 30, 2023.

23 **II.   ESTIMATE OF TIME REQUIRED FOR DISCOVERY**

24      **A. DISCOVERY CUT-OFF DATE**
25
        Discovery will take 180 days from August 8, 2023, which is the date Defendant filed its
26
   Answer to Plaintiff's Complaint, the first responsive pleading. Accordingly, all discovery must
27
28 be completed no later than February 5, 2024. The parties may conduct discovery within the

                                           1                           KB/20167-2

scope of Fed. R. Civ. P. 26(b). Subject to the foregoing, discovery need not be limited or focused on particular issues or conducted in phases.

### B. AMENDING THE PLEADINGS AND ADDING PARTIES

Unless stated herein or ordered by the Court, the date for filing motions to amend the pleadings or to add parties shall not be later than 90 days prior to the discovery cut-off date, and therefore not later than November 7, 2023.

### C. FED. R. CIV. P. 26(a)(2) DISCLOSURES (EXPERTS)

In accordance with Fed. R. Civ. P. 26(a)(2), disclosures identifying experts shall be made 60 days prior to the discovery cut-off date, and therefore not later than December 7, 2023 and disclosures of rebuttal experts shall be made 30 days after the initial disclosure of experts, and therefore not later than January 8, 2024.

### D. DISPOSITIVE MOTIONS

Defendants have agreed, without Plaintiff's participation, to file dispositive motions no later than 30 days after the discovery cut-off date, and therefore not later than March 6, 2024.

### E. PRETRIAL ORDER

If no dispositive motions are filed, and unless otherwise ordered by this Court, the Joint Pretrial Order shall be filed 30 days after the date set for filing dispositive motions, and therefore not later than April 5, 2024. In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until 30 days after the Court enters a ruling on the dispositive motions, or otherwise by further order of the Court. The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the Joint Pretrial Order.

### F. ALTERNATIVE DISPUTE RESOLUTION

The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, and early neutral evaluation. The parties are

generally agreeable to the Alternative Dispute Resolution through, but not limited to, mediation and early neutral evaluation after an initial period of discovery.

### G. ALTERNATIVE FORMS OF CASE DISPOSTION

Defendant does not consent to a trial by a magistrate judge and does not consent to the use of the Short ~~Trail~~ Trial Program.

### H. ELECTRONIC EVIDENCE

#### 1. <u>Electronically Stored Information and Electronic Service of Discovery</u>

The Parties consent to electronic service of any and all discovery documents. Said service shall be deemed completed by sending an email with the related discovery document(s) to all service addresses for counsel and counsel's staff on record with the court for the above-captioned matter at the time of service. The Parties further agree, when serving by email, if any error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient(s) of the message and serve the pleading or other papers by other authorized means. This consent does not preclude counsel from serving discovery documents by mail in accordance with Fed. R. Civ. 5(b), including service of electronic files copied to compact disc or similar storage media. Whether served by e-mail or by mail, three additional days shall be added to the timeline within which to respond, as provided for in Fed. R. Civ. P. 6(d). To the extent discovery requests are served on a Saturday, Sunday, or legal holiday, service will be deemed effective on the next day that is not a Saturday, Sunday, or legal holiday. The Parties reserve the right to revisit this issue if a dispute or need arises.

///

///

KB/20167-2

## I. EXTENSION OF DISCOVERY DEADLINES

Requests to extend the discovery shall comply fully with LR ~~II-26-4~~ 26-3. Applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension.

All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline. A request made after the expiration of the subject deadline shall not be granted unless the ~~movement~~ movant demonstrates that the failure to act ~~as~~ was the result of excusable neglect.

The motion or stipulation shall include:

a. A statement specifying the discovery completed by the parties as of the date of the motion or stipulation.

b. A specific description of the discovery which remains to be completed.

c. The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and

d. A proposed schedule for the completion of all remaining discovery.

A later request must detail good cause for the extension or continuance whether any extensions of continuous were sought before. Any stipulation that would interfere with any time set for completion of discovery, for hearing of a motion, or for trial, may be made only with the approval of the Court.

///
///
///

**ORDER**

IT IS SO ORDERED
Dated: October 10, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

4

KB/20167-2