UNITED STATES DISTRICT COURT
FOR DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY S LEVY JR<br>Plaintiff, | ) JURY TRIAL DEMANDED<br>)<br>) |
| v.<br>CLIENT SERVICES INC<br>Defendant, | ) Case No.<br>) 2:23-cv-01099-APG-NJK<br>)<br>)<br>)<br>) |

## PLAINTIFF MOTION FOR SUMMARY JUDGMENT

Plaintiff Greg Levy files this Rule 56 Motion for Summary Judgment and Memorandum of Law in Support Thereof, and would respectfully show the Court:

### I.

### SUMMARY OF THE ARGUMENT

1. Plaintiff seeks summary judgment because: (1) Defendant know on every phone made to Plaintiff it was inconvenient; (2) Defendant never ceased contact to Plaintiff's place of employment when asked;

### II.

### INTRODUCTION AND BACKGROUND

2. In Count I of Plaintiff's Complaint, Plaintiff alleges that Defendant, as a debt collector, violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692c(a)(1) and 1692c(a)(3) for allegedly contacting him at work when Defendant knew or should have known that Plaintiff was not able to receive such calls at work.

4. For the reasons set forth herein, the entirety of Plaintiff's claims is entitled to judgment as a matter of law.

### III. FACTS

5. On July 20, 2013, Plaintiff's First started receiving phone calls from Defendant demanding payment on the JP Morgan Chase Bank past due debt. On the same day Plaintiff told Defendant **"I'm currently at work so it's not a good time for me to talk"** Defendant quickly responded with "okay well you tell me, and we can pick the conversation up when it's a better time for you. Is that an opportunity you will be able to take advantage of this reduced option of $7,234 by the end of this month". Plaintiff replied **"I'm Currently at work right now is not a good time**. Defendant quickly responded aggravatingly "Well we can work out a payment that meets your budget to keep consistency activity on the account, when should we anticipate on hearing back from you" Plaintiff replied **'My schedule is pretty busy ill see if I can give you guys a call back today I'm currently at work"**. Defendant's phone call to Plaintiff was an inconvenience to Plaintiff. Three times Plaintiff communicated he couldn't talk and his at work.

6. On or about July 28, 2023, at 2:03pm Defendant called the Plaintiff once again. Defendant stated, "We have a Settlement pending for $7,234 are you in a position today to go ahead and resolve this with that settlement" Plaintiff responded, **"I'm currently at work every time you guys call me, I'm at work it's not a good time for me to talk."** The defendant quickly responded aggravatingly "Well every time we call you say you're going to call us back and never call back'. Plaintiff responded **'I'm at work Sir''** Defendant's Representative replied "Ok were following up is this something that your able to do or do you need to make a down payment towards that.?'' Plaintiff responded **I'm at work at the moment sir it's not a good time to talk"** Defendant responded "Okay you not able to discuss it well follow back up with you thank you for being a valued Chase customer you have a good day" The Phone call was in violation of 15 U.S.C 1692c(a)(1) and 15 U.S.C 1692c(a)(3) Defendant knew or should've known that Plaintiff was at work doing normal working hours because Plaintiff told Defendant based on the July 20, 2023 conversation. Three times Plaintiff communicated he couldn't talk and his at work.

### IV. ARGUMENT AND AUTHORITES

**FDCPA Standard**

In evaluating whether a communication between a debt collector and a consumer violates the FDCPA, the communication must be viewed objectively from the perspective of either the "least sophisticated consumer" or the "unsophisticated consumer." *Taylor v. Perrin, Landry, deLaunay & Durand,* 103 F.3d 1232, 1236 (5th Cir. 1997). The "least

sophisticated consumer" standard "serves the dual purpose of protecting all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices and protecting debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials." *Id.* The unsophisticated consumer standard is substantially similar, "except that it is designed to protect consumers of below average sophistication or intelligence without having the standard tied to 'the very last rung on the sophistication ladder.'" *Id.* (*citing Gammon v. GC Servs. Ltd. P'ship,* 27 F.3d 1254, 1257 (7th Cir. 1994)). The Fifth Circuit has explicitly declined to decide which of these standards to apply. *Id.; see also Goswami v. Am. Collections Enter., Inc.,* 377 F.3d 488, 495 (5th Cir. 2004) (noting both standards); *Peter v. G.C. Servs. L.P.,* 310 F.3d 344, 349 n.9 (again opting not to decide which standard governs because "the difference between the standards is at most de minimus"). Under either standard, courts must assume that the consumer is "neither shrewd nor experienced in dealing with creditors." *Goswami,* 377 F.3d at 495. However, the least sophisticated consumer is not to be treated as "irrational [or] a dolt." *Ellis v. Solomon & Solomon, P.C.,* 591 F.3d 130, 135 (2d Cir. 2010).

**ARGUMENT**

A Plaintiff alleges an FDCPA claim by alleging: (1) The Plaintiff is a consumer; (2) the debt involved meets the definition of debt in the FDCPA; (3) the Defendant is a debt collector; and (4) the defendant committed an act prohibited by the FDCPA. Turner v.

Cook, 362 F.3d 1219, 1227–28 (9th Cir. 2004); Heejon Chung v. U.S. Bank, N.A., 250 F. Supp. 3d 658, 680 (D. Haw. 2017).

The first element of an FDCPA claim is that the Plaintiff is a consumer. Heejon Chung, 250 F. Supp. 3d at 680. A consumer is a person obligated or allegedly obligated to pay a debt. 15 U.S.C. § 1692a(3). Here, Plaintiff has alleged that he is a consumer because he was allegedly obligated to pay a debt from Chase Bank. Thus, Plaintiff has alleged the first element of an FDCPA claim.

The second element of an FDCPA claim is that the debt involved meets the definition of debt in the FDCPA. Heejon Chung, 250 F. Supp. 3d at 680. A debt is an obligation or alleged obligation to pay money from a transaction that is primarily for personal, family, or household purposes. Id. § 1692a(5). Here, Plaintiff alleged debt resulted from Credit Card from Chase Bank. Medical which qualifies as a family purpose. Thus, Plainitff has alleged the second element of an FDCPA claim.

The third element of an FDCPA claim is that the defendant is a debt collector. Heejon Chung, 250 F. Supp. 3d at 680. A debt collector is a person who uses an instrumentality of interstate commerce to engage in a business in which the principal purpose is the collection of debts, or regularly attempts to collect debts owed or due to another. Id. § 1692a(6). Plaintiff alleges in his complaint that Defendant regularly engages in the practice of debt collection. Therefore, Plaintiff has alleged the third element of an FDCPA claim.

The fourth and final element of an FDCPA claim is that the defendant committed an act prohibited by the FDCPA. Heejon Chung, 250 F. Supp. 3d at 680. Among the many

ways a debt collector can violate the FDCPA when a consumer's statement was "could not talk to him at work" while ambiguous, is nevertheless sufficient to put the collector on notice that she was prohibited from engaging in debt collection communications at work. Horkey v. J.V.D.B. & Assoc., 333 F.3d 769 (7th Cir. 2003). Even if an employer does not have a formal policy as to collection calls at work, a call to the consumer at work might also violate FDCPA § 1692c(a)(1) as a contact at an inconvenient time or place. *See also* Currier v. PDL Recovery Group, L.L.C., 2017 WL 712887 (E.D. Mich. Feb. 23, 2017); Dauval v. MRS BPO, L.L.C., 2013 WL 9921550 (M.D. Fla. June 27, 2013) (collection agency's call to consumer's place of employment violated §§ 1692c(a)(1) and 1692c(a)(3)). Thus, Plaintiff complaint sufficiently states a FDCPA claim.

Defendant did violate the FDCPA by allegedly contacting Plaintiff after he repeatedly told Defendant over 6 times that "I'm at work and it's not a good time to talk.

15 U.S.C. § 1692c(a)(1) Violation:

**The Known or Should Be Known Standard for 1692c(a)(1):**

FDCPA § 1692c(a)(1) provides that a collector cannot contact the consumer at a time or place that is "known or should be known" as inconvenient. This clearly means that once a debt collector receives a request to cease communication at specified inconvenient times or places, whether the request is made orally *or* in writing, the debt collector then knows the time or place is inconvenient and must honor that request. See Pittman J.J Mac

Intyre Co., 969 F. Supp. 609 (D. Ne. 1997), See also Horkey v J.V.D.B. Assocs., 333 F.3d 769 (7th Cir. 2003) (continuing to telephone and talk to consumer at after she said she could not talk at work and would call the collector from home violated 15 USC § 1692c(a)(1) and 15 USC § 1692c(a)(3) Chiverton v. Fed. Fin. Group, Inc., 399 F. Supp. 2d 96, 104 (D. Conn. 2005) (violation of § 1692c(a)(1), (3) where defendant repeatedly telephoned the plaintiff at work after being told by the plaintiff he was not permitted to receive personal calls at work).

**The Known or Should Be Known Standard for 1692c(a)(3):**

A debt collector knows or has reason to know that a consumer's employer prohibits the consumer from receiving communications if the consumer tells the debt collector that the consumer cannot take personal calls at work.

A debt collector knows or has reason to know that a consumer's employer prohibits the consumer from receiving such communication if, for example, the consumer tells the debt collector that the consumer cannot take personal calls at work. *See also* Horkey v. J.V.D.B. & Assoc.. Inc.. 333 F.3d 769 (7th Cir. 2003).

This subsection protects consumer from interference on their jobs. See also Austin v. Great Lakes Collection Bureau, Inc., 834 F. Supp. 557 (D. Conn. 1993) (continued telephone calls to the consumer at her place of employment, after the collector had been asked to cease such calls because they inconvenienced the consumer, violated 15 U.S.C § 1692c(a)(1).

15 U.S.C. § 1692c(a)(1) Violation:

The protections of section 15 U.S.C § 1692c(a)(3) may be invoked simply by the consumer's statement that he could not talk at work and that he would return the call from her home. This statement was sufficient to place the collector on notice that the employer did not allow such collection calls: *"the FDCPA exists to protect the unsophisticated consumer. Unsophisticated consumer, whatever else may be said about them, cannot be expected to assert their § 1692c(a)(3) rights in legally precise phrases. It is therefore enough to put debt collectors on notice under § 1692c(a)(3), when a consumer states in plain English that she cannot speak to the debt collector at work. That is what Horkey did. Without evidence that J.V.D.B. knew, contrary to Horkey's assertion, that her employer did not prohibit her from taking debt-related calls at work, she is entitled to summary judgment on her § 1692c(a)(3) claim."* Horkey v. J.V.D.B. & Assoc., Inc., 333 F.3d 769 (7th Cir. 2003).

**The Known or Should Be Known Standard in general:**

As alleged in the Complaint Plaintiff told the Defendant **twice** "I'm currently at work so it's not a good time for me to talk" this action is untimely a material fact question left for a jury Plaintiff has put Defendant on notice of the illegal conduct violating 1692c(a)(1), (3) of the FDCPA.

Consumers is not required to use legally precise or sophisticated language to assert FDCPA protections *See also* Horkey v. J.V.D.B. & Assoc., Inc., 333 F.3d 769 (7th Cir. 2003).

*Lupia v. Medicredit, Inc.*, 8 F.4th 1184, 1192 (10th Cir. 2021) ("Though a single phone call may not intrude to the degree required at common law, that phone call poses the same *kind* of harm recognized at common law—an unwanted intrusion into a plaintiff's peace and quiet.") (emphasis in *Lupia*). In *Lupia*, the plaintiff did not answer the single telephone call and the debt collector left a voicemail about the debt. *Lupia*, 8 F.4th at 1188. The injury suffered from receipt of a single text message is tantamount to the injury suffered from receipt of a single voicemail.

The Defendant's violation of the FDCPA is a material violation of the statute.

## CONCLUSION

Plaintiff is entitled to Summary Judgment for the violations above.

Dated: March 27, 2024                    Respectfully submitted:

Gregory S Levy JR, Pro Se
9195 Spumante Ave
Las Vegas, NV 89148
404-242-1243
Greglevy23@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March 2024 I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record to:

Kurt Bonds
1160 North Town Center Drive Suite 330
Las Vegas, NV 89144