**HALL & EVANS, LLC**
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
CHARLES DESKINS, ESQ.
Nevada Bar No. 15532
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022
nvefile@hallevans.com
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| GREGORY S LEVY JR, | § § § |
| *Plaintiff,* | § § CASE NO. 2:23-cv-01099-APG-NJK § |
| v. | § § § |
| CLIENT SERVICES, INC., | § § § |
| *Defendant.* | § § |

**DEFENDANT CLIENT SERVICES, INC.'S MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMNT, OR IN THE ALTERNATIVE, RESPONSE TO PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Defendant Client Services, Inc. ("Defendant" or "CSI") and files this Motion to Strike Plaintiff's Motion for Summary Judgement, or in the alternative, Response to Plaintiff's Motion for Summary Judgment, and will show onto this Court as follows:

**I. INTRODUCTION**

1.  Plaintiff filed his lawsuit on July 14, 2023, alleging CSI violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"). Doc. 1. According to the facts alleged in

Plaintiff's Original Complaint, CSI violated the FDCPA by calling Plaintiff at an inconvenient time at work, thus violating 15 U.S.C. § 1692c(a)(1) and 15 U.S.C. § 1692c(a)(3). *Id*.

2.      On October 10, 2023, the Court entered a scheduling order for this case, setting the deadline for dispositive motions as March 6, 2024. Doc. 19.

3.      On March 28, 2024, twenty-two days after the deadline for dispositive motions, Plaintiff filed his Original Motion for Summary Judgment. Doc. 27. On April 1, 2024, Plaintiff filed an amendment for his Motion for Summary Judgment. Doc. 29. However, Plaintiff's Motion Should be stricken or denied.

4.      This Court should strike Plaintiff's Motion because it was not timely filed. This Court's scheduling order set the deadline to file dispositive motions as March 6, 2024. Doc. 19. Plaintiff's Original Motion was filed twenty-two days after the deadline, without asking for an extension from this Court. While Plaintiff is proceeding *pro se*, he is not excused from the procedural requirements. *Muller v. Perdue*, 744 F. App'x 555, 559 (10th Cir. 2018) ("Unrepresented parties are required to comply with the same substantive law and procedural rules as a represented party"). Therefore, this Court should strike Plaintiff's Motion as it was not timely filed. Even if the Court considers Plaintiff's Motion, which it should not, the motion should be denied as it does not show that Plaintiff is entitled to judgment as a matter of law.

5.      Plaintiff is not entitled to judgment as a matter of law on his § 1692c(a)(1) claim because Plaintiff does not establish CSI knew or had reason to know that the July 28 call was made at an inconvenient time, or that the call was outside hours when CSI is allowed to assume to be convenient under § 1692c(a)(1). *See* Doc. 12; 15 U.S.C. § 1692c(a)(1). In fact, the call recordings show that Plaintiff did not inform CSI of any inconvenient time to call, and that the calls were made within hours CSI is allowed to assume to be convenient. Doc. 22-3; Doc. 22-4.

HALL & EVANS, LLC
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022

6.  Similarly, Plaintiff is not entitled to summary judgment on his § 1692c(a)(3) claim because Plaintiff fails to show CSI called Plaintiff at his "place of employment", as Plaintiff has neither pled nor provided any evidence that CSI called a work number, which is a crucial element to assert 15 U.S.C. § 1692c(a)(3). *See* Doc. 12; 15 U.S.C. § 1692c(a)(3). Furthermore, the call recordings show that CSI was never informed that Plaintiff's employer prohibits Plaintiff from receiving communication from debt collectors at work. Doc. 22-3; Doc. 22-4. In fact, there is no evidence to even show Plaintiff's employer prohibits Plaintiff from receiving such communication. *See* Doc. 12; 15 U.S.C. § 1692c(a)(3). This is crucial to assert a 15 U.S.C. § 1692c(a)(3) claim. It is worth noting that during the July 20, 2022 call, Plaintiff actually invited CSI to call him on the same line in the future, stating "you can probably try me back. Just right now is not a good time," showing that Plaintiff can receive collection calls on that number. Doc. 22-3.

7.  It is worth noting that Plaintiff appears to concede that he is not entitled to summary judgment in his own Motion. Plaintiff's Motion for Summary Judgment asserts that because he told CSI "'I'm currently at work so it's not a good time for me to talk' this action is untimely [sic] a material fact question for a jury [whether] Plaintiff has put Defedant on notice." Doc. 27 page 8. While CSI does not necessarily agree that Plaintiff's statement creates a fact issue for the jury to decide;1 it shows Plaintiff asserting that his claim, at best, creates a fact issue for the jury, which means Plaintiff is not entitled to summary judgment.

8.  Therefore, Plaintiff has failed to show he is entitled to summary judgement on any of his claims. For these reasons, this Court should deny Plaintiff's Motion for Summary Judgment.

///

///

---

1 CSI's position is that the statement fails to support Plaintiff's claim at all as it does not notify CSI of any future time or place that may be inconvenient for CSI to call. Doc. 22.

## II.  ARGUMENTS AND AUTHORITIES

### A. Standard of Law

9. Summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the burden of showing that there are no genuine issues of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he moving party need only prove that there is an absence of evidence to support the non-moving party's case. Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial." *Dzung Chu v. Oracle Corp.* (*In re Oracle Corp. Sec. Litig.*), 627 F.3d 376, 387 (9th Cir. 2010) (internal citations omitted).

10. "An issue of fact is 'material' if it might affect the outcome of the suit under the governing law." *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 925 (9th Cir. 2014) (internal quotations omitted). "A dispute is 'genuine' if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotations omitted); *see Freecycle Sunnyvale v. Freecycle Network*, 626 F.3d 509, 514 (9th Cir. 2010). Evidence may only be offered to support or dispute a fact on summary judgment if it would be admissible at trial. *Id.* at 925-26 (quoting *Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003)); *see also* Fed. R. Civ. P. 56(c)(2).

11. Once the movant has met its initial burden, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal quotation marks omitted). The party defending against the motion for summary judgment cannot defeat the motion unless he provides specific facts that demonstrate a genuine

issue of material fact such that a reasonable jury might return a verdict in his favor. *Anderson*, 477 U.S. at 247-48.

**A. Plaintiff's Motion is not timely filed and should be stricken.**

12. This Court should strike Plaintiff's Motion because it was not timely filed. This Court's scheduling order set the deadline to file dispositive motions as March 6, 2024. Doc. 19. Plaintiff's Original Motion for Summary Judgment was filed twenty-two days after the dispositive motion deadline and Plaintiff did not ask the court to extend the deadline. Doc. 27. While Plaintiff is proceeding *pro se*, he is not excused from the procedural requirements. *Muller v. Perdue*, 744 F. App'x 555, 559 (10th Cir. 2018) ("Unrepresented parties are required to comply with the same substantive law and procedural rules as a represented party"). Therefore, this Court should strike Plaintiff's Motion for Summary Judgment as it was not timely filed.

**B. Plaintiff has not shown that he is entitled to summary judgment for his 15 U.S.C. §1692c(a)(1) claim.**

13. Even if this Court overlooks that Plaintiff's Motion was not timely filed, Plaintiff's Motion should still be denied, as it fails to show he is entitled to summary judgment on the claims.

14. Section 1692c(a)(1) of the FDCPA states, in pertinent part:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
>
> (1) at any unusual time or place or a time or place **known or which should be known to be inconvenient** to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;

15 U.S.C. § 1692c(a)(1) (emphasis added). The plain language of the statute is clear that to establish a § 1692c(a)(1) claim, Plaintiff is required to show CSI knew or should have known the

time or the place of the communication was inconvenient to Plaintiff. Or in the absence of such knowledge, show the calls were made outside of the allowed hours. This is supported by case law in the Ninth Circuit, where courts have dismissed § 1692c(a)(1) claims when the plaintiff failed to allege the defendant had knowledge of the inconvenience. *See McEndree v. Rash Curtis & Assocs.*, 2012 U.S. Dist. LEXIS 65374, *16 (E.D. Cal. May 9, 2012) (the court dismissed plaintiff's § 1692c(a)(1) claim for failing to allege or show that defendant has or should have knowledge that the time of the calls was inconvenient).

15. In the present case, Plaintiff fails to show or plead any facts to support CSI had knowledge of when a call would be inconvenient. *See* Doc. 12; Doc. 27. In the Amended Complaint, Plaintiff asserts he told CSI's representative it was an inconvenient time for him to talk about the debt on both calls. However, Plaintiff simply alleges he just told CSI it was an inconvenient time for him to talk, and neither time did Plaintiff tell CSI specifically what hour would be inconvenient for him to take calls in the future. *See* Doc. 12; Doc. 27. Therefore, CSI was without knowledge of what future time may or may not be inconvenient for Plaintiff. This is further supported by the call recordings and account notes between CSI and Plaintiff, which establish Plaintiff never informed CSI of any specific hours that would be inconvenient for him to take calls in the future. *See* Doc. 22-3; Doc. 22-4. Thus, Plaintiff has failed to support his § 1692c(a)(1) claim.

16. Plaintiff's Motion argues that because he told CSI, during the July 20, 2023 call, that "I'm currently at work so it's not a good time for me to talk." CSI's calls were inconvenient to Plaintiff and thus in violation. However, Plaintiff conveniently ignores the statutory requirement that the caller needs prior **knowledge** of a specific inconvenient time or place for the call, not just that the call happens to be inconvenient for Plaintiff. 15 U.S.C. § 1692c(a)(1). The fact that Plaintiff informed CSI, after he answered the call, that it happened to be an inconvenient time for

him to talk, does not make the call an automatic violation of § 1692c(a)(1), as CSI did not know it was an inconvenient time for Plaintiff when CSI made the call.

17.  The fact remains that Plaintiff never told CSI's representative when he is at work or what time would be considered inconvenient. Instead, on both calls, Plaintiff merely told CSI's representative he was at work, and that it was not a good time to talk, without indicating whether any future time would be inconvenient. Doc. 22-3; Doc. 22-4. In fact, during the July 20, 2023 call, Plaintiff even told CSI "you can probably try me back. Just right now is not a good time." Doc. 22-3. It is clear that Plaintiff is merely stating that the exact moment was not a good time for him to talk, without indicating whether any future time may be inconvenient. Thus, CSI is without knowledge when it is an inconvenient time for Plaintiff to take calls from CSI.

18.  In the event that Plaintiff was trying to assert a claim that CSI was calling him at his work, and thus was communicating with him at an inconvenient place. As CSI has pointed out in is previous motion, Plaintiff has failed to plead or show that the call was made to his place of employment**,** *i.e.* CSI called his work phone. Doc. 22 ¶ 18. Courts in the Ninth Circuit have ruled that "the fact that Plaintiff may have been at work when some calls were placed to his cell phone does not give rise to liability under § 1692c(a)(1) on grounds that [defendant] should have known that the calls were inconvenient;" if the plaintiff did not inform the defendant of his work schedule. *See McEndree*, 2012 U.S. Dist. LEXIS 65374 at *16. Courts in other circuits have also made a distinction between calls made to a landline at a workplace and calls made to a cell phone when one happens to be at work, ruling that the latter cannot be a call to a "place of employment." *Crain v. Pinnacle Fin. Group of MN, Inc.*, 2007 U.S. Dist. LEXIS 84043, *14. Plaintiff has not pled nor shown that CSI called his work number. Doc. 12; Doc. 27. In fact, Plaintiff's statement during the phone calls suggests it is not a work number. *See infra.* Section II (C) ¶ 23.

19. In conclusion, Plaintiff has failed to show he is entitled to summary judgment for his § 1692c(a)(1) claim. Therefore, this Court should deny Plaintiff's Motion.

**C. Plaintiff has not shown that he is entitled to summary judgment for his 15 U.S.C. §1692 c(a)(3) claim.**

20. Plaintiff also claims that he is entitled to summary judgment for his § 1692c(a)(3) claim. Similarly, Plaintiff is not entitled to summary judgment because the facts pled in the Amended Complaint, and any evidence, fail to support a § 1692c(a)(3) violation. Section 1692c(a)(1) of the FDCPA states, in pertinent part:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
>
> (3) at the consumer's **place of employment** if the debt collector knows or has reason to know that the consumer's employer **prohibits the consumer from receiving such communication**.

15 U.S.C. § 1692c(a)(3) (emphasis added). Thus, from the plain language of the statute, it is clear Plaintiff needs to show the call was made to his place of employment and that CSI knows or has reason to know that Plaintiff's employer prohibits the consumer from receiving such communication. 15 U.S.C. § 1692c(a)(3). Plaintiff's Motion has failed to meet either element. *See* Doc. 27.

21. First, Plaintiff has failed to show or pled that CSI's calls were made to his place of employment, i.e. CSI called his work phone. While the Ninth Circuit has not addressed this issue, other court have expressed doubts about whether the plain meaning of "place of employment" extends to a cell phone. Drawing a distinction between calling a landline at the place of employment and calling a cellphone, which by its nature is "portable and therefore not confined to any physical space including a place of employment." *Crain v. Pinnacle Fin. Group of MN, Inc.*, 2007 U.S. Dist. LEXIS 84043, *14 (E.D. Mich. Nov. 14, 2007) (Court dismissed § 1692c(a)(3) claim on the basis that the call was made to a cellphone). Here, Plaintiff has not

alleged nor provided any evidence that CSI called a landline at his workplace. Instead, the Complaint only states CSI called Plaintiff, and that Plaintiff told the representative he is at work. Doc. 12 at ¶¶ 12, 13. Following the rationale of *Crain*, Plaintiff's complaint does not sufficiently raise a § 1692c(a)(3) claim as Plaintiff did not plead or provide any evidence that CSI's call was made to a work number, the alleged call could have been made to a cellphone, or that Plaintiff could have been working from home. Both situations would not fit the statutory requirement of calling Plaintiff's "place of employment." Therefore, Plaintiff's § 1692c(a)(3) claim fails, as Plaintiff has failed to show or plead that CSI called him at his "place of employment."

22.     Second, even if we were to set aside the place of employment requirement, Plaintiff nonetheless did not show that CSI has knowledge that his employer prohibits the consumer from receiving collection calls at work, which is also a requirement to establish § 1692c(a)(3) claim. The call recording shows Plaintiff never informed CSI that his employer prohibits such calls. Doc. 22-3; Doc. 22-4. Thus, it is impossible for CSI to have knowledge of such prohibition. In fact, Plaintiff did not even assert that his employer prohibits such calls. *See* Doc. 12; Doc. 27. On the contrary, he actually demonstrates he can pick up personal calls during work, as he answered both calls. *See* Doc. 12 ¶¶ 12, 13; Doc. 22-3; Doc. 22-4.

23.     Plaintiff's Motions mainly relies on a case in the Seventh Circuit, *Horkey v. J.V.D.B. & Assocs.*, 333 F.3d 769 (7th Cir. 2003). Plaintiff argues that *Horkey* establishes that § 1692c(a)(3) protection may be invoked without specifically stating that his employer prohibits calls during work. However, not only is *Horkey* not binding in this circuit, but it is also distinguishable from the case at hand. In *Horkey*, the plaintiff explicitly stated "I cannot talk with you at work" which court stated can be notice under § 1692c(a)(3), since it "states in plain English that she cannot speak to the debt collector at work." *Horkey*, 333 F.3d at 773. However, in the case at bar, Plaintiff's statement was much vaguer, Plaintiff stated that he is at work and it's not a good time

for him to talk. Doc. 22-3. Thus, Plaintiff was merely stating that the timing was not good, not that he cannot take these calls at work at all. In fact, during the call on July 20, 2022, Plaintiff invited CSI to call him on the same line in the future, stating "you can probably try me back. Just right now is not a good time." Doc. 22-3. If Plaintiff is prohibited from receiving collection call at work at any time, then why would he invite CSI to call the same number later? This statement shows that either Plaintiff can take collection calls at work, or that the number is not a work number (thus, if CSI call later, he may not be at work anymore and can take the call). Regardless which situation it is, it will defeat Plaintiff's § 1692c(a)(3) claim. Therefore, Plaintiff, at the very least, is not entitled to summary judgment on his § 1692c(a)(3) claim.

24. Any of the above reasons are enough to show Plaintiff has failed to show he is entitled to summary judgment on his § 1692c(a)(3) claim. Therefore, this Court should deny Plaintiff's Motion for Summary Judgment.

**D. Plaintiff, in his own motion, asserts that he is not entitled to Summary Judgment on the claims.**

25. Plaintiff appears to concede that he is not entitled to Summary judgment in his own Motion. Plaintiff's Motion for Summary Judgment asserts that because he told CSI "'I'm currently at work so it's not a good time for me to talk' this action is untimely [sic] a material fact question for a jury [whether] Plaintiff has put Defendant on notice." Doc. 27 page 8. While CSI does not necessarily agree that Plaintiff's statement creates a fact issue for the jury to decide as it fails to show CSI was informed of an inconvenient time or place for future calls, it shows Plaintiff asserting that his claim, at best, creates a fact issue for the jury, which means Plaintiff is not entitled to summary judgment.

**CONCLUSION**

26. Plaintiff has failed to show he is entitled to summary judgment on his claims. First, Plaintiff's Motion was not filed in time and thus should be stricken. Second, Plaintiff has failed

to show CSI called Plaintiff when CSI knew or should have known the time or the place of the communication was inconvenient. Thus, Plaintiff's § 1692c(a)(1) claim fails. Third, Plaintiff's § 1692c(a)(3) claim must also fail, as Plaintiff failed to show CSI knowingly called him as his place of employment, or that CSI knew or had reason to know that Plaintiff's employer prohibited debt collection communications.

WHEREFORE, PREMISES CONSIDERED, Defendant Client Services, Inc., respectfully requests that this Court strike Plaintiff's Motion for Summary Judgment, or in the alternative, deny Plaintiff's Motion for Summary Judgment.

DATED this 22nd day of April, 2024.

HALL & EVANS, LLC

/s/ Kurt R. Bonds
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1002
nvefile@hallevans.com
*Attorneys for CLIENT SERVICES, INC.,*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 22nd day of April, 2024, the foregoing **DEFENDANT CLIENT SERVICES INC.'S REPLY MOTION TO STRIKE PLAINTIFFS MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE RESPONSE TO PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT** was served on the following by Electronic Service to All parties on the CM/ECF Service List.

*/s/ Teri Jenks*

An Employee of HALL & EVANS, LLC