UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY S. LEVY, JR., <br><br> Plaintiff <br><br> v. <br><br> CLIENT SERVICES, INC., <br><br> Defendant | Case No.: 2:23-cv-01099-APG-NJK <br><br> **Order Granting Client Services Inc.'s Motion for Summary Judgment and Denying Gregory Levy Jr.'s Amended Motion for Summary Judgment** <br><br> [ECF Nos. 15, 22, 27, 29, 33, 35] |

Gregory Levy Jr. sues Client Services, Inc. (CSI) for violating the Fair Debt Collection Practices Act (FDCPA) by calling him on his cell phone while he was at work to collect a debt. CSI moves for summary judgment, arguing that it did not violate the FDCPA because it did not know that its call was inconvenient for Levy and it did not call him at his place of employment. Levy countermoves for summary judgment, arguing that his comments to CSI during their first phone call put CSI on notice that the second phone call was inconvenient for him and CSI also called him at work. Both parties file a variety of other motions that I will also address in this order. I grant CSI's motion for summary judgment and deny Levy's amended motion for summary judgment because Levy did not put CSI on notice that CSI's second call was inconvenient for him and it did not call him at his place of employment.

**I.   BACKGROUND**

Naeem Whitaker called Levy on behalf of CSI on July 20, 2022 at 8:57 a.m. regarding Levy's credit card debt. ECF Nos. 22-1 at 2; 22-3; 29 at 12. Levy answered the call but repeatedly told Whitaker he could not talk because he was at work. ECF No. 29 at 13-16. Levy told Whitaker that he would try to call back later that day or Whitaker could call him back

another time. *Id.* at 15-16.  Levy did not give Whitaker information about his work schedule or when would, or would not, be a convenient time for Whitaker to call again.  Whitaker called Levy a second time on July 28, 2022 at 2:03 p.m. trying to collect Levy's debt. ECF Nos. 22-1 at 2; 29 at 21; 22-4.  Levy again told Whitaker that he was at work so it was not a good time for him to talk. ECF No. 29 at 21-22.

Levy alleges that CSI's second phone call violated two sections of the FDCPA.  First, CSI violated 15 U.S.C. § 1692c(a)(1) by intentionally calling him to collect his debt at a time and place that it knew, or should have known, would be inconvenient for Levy.  Levy alleges that CSI was on notice from its first call that Levy worked during "normal working hours," so it knew or should have known that calling him on a weekday afternoon would be inconvenient for him. ECF No. 12 at 9.  Levy also alleges that CSI violated § 1692c(a)(3) by calling him at his place of employment.  CSI and Levy both move for summary judgment on all claims.

## II.     ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th

Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017). "When parties submit cross-motions for summary judgment, each motion must be considered on its own merits." *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (simplified).

Levy sues CSI under two provisions of the FDCPA. The first, § 1692c(a)(1), states that without the consumer's prior consent or a court's permission, "a debt collector may not communicate with a consumer in connection with the collection of any debt . . . at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer." 15 U.S.C. § 1692c(a)(1). If a collection agency does not have specific knowledge about when is convenient for a consumer, the collection agency can assume that anytime between 8:00 a.m. and 9:00 p.m. local time at the consumer's location is convenient. *Id.* The second provision Levy sues under, § 1692c(a)(3), prohibits a debt collector from "communicat[ing] with a consumer in connection with the collection of any debt . . . at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication." 15 U.S.C. § 1692c(a)(3).

### A. Motions for Summary Judgment

Preliminarily, CSI moves to strike Levy's motion for summary judgment and his amended motion for summary judgment as untimely. Because Levy is proceeding pro se, I deny CSI's motion to strike and I consider Levy's amended motion for summary judgment to be his operative motion. *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

1. Section 1692c(a)(1)

CSI argues that it did not know, or have reason to know, that Whitaker's second call would be inconvenient for Levy. It asserts that while Levy told Whitaker in their first phone call that he was at work, he did not tell Whitaker what his work schedule was or what times were inconvenient for him. CSI argues that because Levy did not give Whitaker this information, CSI could call Levy at any time within the statutorily allowed window of 8:00 a.m. to 9:00 p.m.

In his amended response and his motion, Levy argues that he told Whitaker multiple times during their first phone call that he could not talk because he was at work, so CSI knew or should have known that Levy "was at work during normal working hours," making the second phone call inconvenient.[1] ECF No. 32 at 3. CSI replies that Levy's comments in the first phone call did not inform Whitaker of Levy's work schedule or when would be an inconvenient time for Whitaker to contact him.

Viewing the facts in the light most favorable to Levy, no reasonable jury could find that CSI knew or had reason to know that its second call was inconvenient for Levy. The recording and transcripts of the first call show that while Levy told Whitaker multiple times that he was at work and could not talk, he did not tell Whitaker what his work schedule was, where he worked, or when would be an inconvenient time for Whitaker to call him back. Whitaker's second call to Levy was at different time and day of the week. CSI was not on notice that this second call would be inconvenient for Levy merely because their first conversation was inconvenient. Because CSI called Levy within the timeframe the FDCPA allows and was not otherwise on

---

[1] CSI requests that I not consider Levy's amended response to his motion for summary judgment. However, because Levy is proceeding pro se, and because it does not change the outcome, I consider his amended response. *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

4

notice that it was calling Levy at an inconvenient time, CSI did not violate § 1692c(a)(1). I therefore grant summary judgment to CSI on this claim and deny Levy's motion.

2.  Section 1692c(a)(3)

CSI argues that it did not call Levy at his place of employment within the FDCPA's meaning because it called Levy on his personal cell phone. CSI contends that it did not call Levy on his employer's landline or a work cell phone, so it did not call him at his place of employment even though he was at work when it called him. CSI also argues that Levy never indicated to Whitaker that his employer prohibited him from receiving debt collection calls at work. Levy responds that by telling Whitaker in the first phone call that he could not talk while he was at work, he communicated that Levy's employer had a policy against employees talking to debt collectors while at work.

Viewing the facts in the light most favorable to Levy, there is no genuine dispute that CSI did not call Levy at his place of employment. Both of CSI's calls to Levy were made to his personal cell phone, not to his employer's landline or to a work cell phone. Calls made to a personal cell phone that are received at work are not calls made to a place of employment within the FDCPA's meaning. *See, e.g. Tucker v. ProCollect, Inc.*, No. 1:18-CV-4063-MHC-AJB, 2020 WL 13133052, at *3 (N.D. Ga. Feb. 6, 2020), *R. & R. adopted*, No. 1:18-CV-4063-MHC-AJB, 2020 WL 13133198 (N.D. Ga. Feb. 24, 2020) ("It is undisputed, however, that ProCollect did not call Plaintiff at his place of employment; rather, the calls were made to a mobile device that Plaintiff used for personal and work purposes."); *Crain v. Pinnacle Fin. Grp. of MN, Inc.*, No. 07-CV-12075, 2007 WL 3408540, at *5 (E.D. Mich. Nov. 14, 2007) (stating that "the court doubts that the plain meaning of 'at the consumer's place of employment' extends to a 'cell,' a mobile phone that by its nature is portable and therefore not confined to any physical space

including a place of employment"). CSI did not call Levy at his place of employment, so I do not address Levy's argument that CSI was on notice that Levy could not accept collection calls at work. Because no reasonable jury could find that CSI called Levy at his place of employment, I grant summary judgment for CSI on Levy's § 1692c(a)(3) claim and deny Levy's motion.

### B. CSI's Motion to Dismiss

Before filing its motion for summary judgment, CSI moved to dismiss for failure to state a claim. As I now grant summary judgment to CSI on all claims, CSI's motion to dismiss is moot.

### C. CSI's Motion to Stay

CSI moved to stay this case pending my decision on its motions to dismiss or for summary judgment. Because I have ruled on CSI's motion for summary judgment, CSI's motion to stay is moot.

## III. CONCLUSION

I THEREFORE ORDER that defendant Client Services Inc.'s motion for summary judgment **(ECF No. 22) is GRANTED** and that plaintiff George Levy Jr.'s motion for summary judgment **(ECF No. 27)** and amended motion for summary judgment **(ECF No. 29) are DENIED.**

I FURTHER ORDER that defendant Client Services Inc.'s motion to dismiss **(ECF No. 15) is DENIED** as moot.

I FURTHER ORDER that defendant Client Services Inc.'s motion to stay the case **(ECF No. 33) is DENIED** as moot.

I FURTHER ORDER that defendant Client Services Inc.'s motion to strike plaintiff Gregory Levy Jr.'s motion for summary judgment **(ECF No. 35) is DENIED**.

I FURTHER ORDER the clerk of court to enter judgment in favor of defendant Client Services Inc. and against plaintiff Gregory Levy Jr., and to close this case.

DATED this 15th day of May, 2024.

                                              ANDREW P. GORDON
                                              UNITED STATES DISTRICT JUDGE